Good morning, Your Honors. May it please the Court, my name is Danielle Oaks, and I represent the Auditor- Could you speak a little louder, please? Sure. I'd like to reserve two minutes for rebuttal. This morning, I'd like to focus on why the District Court clearly erred by finding that Fairfax, that the Eastern District of Virginia was not a mandatory venue covering Fairfax County, even though the Federal Courthouse is not located in Fairfax County. Counsel, I'm going to, if you don't mind, move you to a different topic, because I am speaking only for myself in saying this, but I think there, for my part, there was clear error, but that doesn't answer the question whether mandamus is the appropriate relief. Why is mandamus required here? Why are the Bauman factors met? Your Honor, for the other reasons besides clear error. Well, Your Honor, in this case, there was no other alternative for relief, and had the parties proceeded through this litigation, they would have been deprived of the very benefit of the bargain that was contemplated by the Form Selection Clause, and that's what Atlantic Marine says that a form- Not really. You just have to go through a trial, get an appeal, get a reversal, and then you get the benefit, if any. Why would there be any different from any other litigant who claims an error by district court? Your Honor, there are greater issues beyond just those issues that are important to the parties in this action, and they have to do with how a Form Selection Clause ought to be analyzed after post-Atlantic Marine. Yes, we can decide those on appeal, after you lose, assuming you lose. Maybe you'll lose. You can come up and say, we were in the wrong forum. Look at this clause. We can decide, and if you're right, we vacate the judgment and write an opinion explaining why this court was wrong. Well, in- Why isn't that adequate relief? In Wray-Cement, Your Honors, the court found that issues in that court, they were dealing with the issue of a judge recusing himself, and in finding that that was an important issue related to the administration of trial courts and one worthy of review, it noted, as an aside, that the issue was not as important as issues like venue. It made a comparison. Now, I will grant that the case- Well, Your Honor, what I'm pointing to is just that issues of court administration are considered important issues that ought to be given review by way of writ. This is one such case. This case has very issues that have not been determined by this court. District courts are likely to make the same errors that were made in this court repeatedly because this circuit has yet to give- But we have lots of law that says this is the kind of thing that can be decided after judgment. And the fact that you have to go through a trial and it's very difficult, then none of that matters. The fact that the issue is important doesn't matter. We can review it after judgment. What is so special about this case? Why? I mean, this is Judge Graber's question. Assuming there was error, and I'm not sure there was at all, but assuming there was error, why can't it wait? What's different about this case? Your Honor, there are arguments related to judicial efficiency. Why wait for this court and many other courts to make the exact same mistake repeatedly? The reason we wait is because the rule is we review with very rare exceptions. We only review errors after final judgment. That is the basic rule, and the Supreme Court has told us time and again that we seldom, if ever, deviate from that. And we've got lots of cases where we've done exactly that. Do you remember Lexicon? Lexicon case? Came through our court. It was a mandamus petition. We denied the mandamus petition. They went to trial in Arizona. They had a trial. It was appealed. It went all the way to the Supreme Court. First trial was vacated, and they went back. The case was sent to Chicago. Very important issue of judicial administration, having to do multidisciplinary litigation. You have no idea what I'm talking about. I'm sorry, Your Honor. I'm not familiar with that case. You have 30 years of unbroken law going the other way, saying that what the district court was right, and the Supreme Court eventually reversed. And after trial, these things can be reviewed after trial. What's special about your case? Your Honor, what we think is special about our case is that we are we do contend that our that Octagon would be deprived of the benefit of the bargain under Atlantic Marine, that after Atlantic How would they be deprived of that? Atlantic Marine makes clear that forum selection clauses ought to be Just explain to me in plain English. How would they be deprived of that? The plain English of it is that they negotiated contracts with these two guys. These two guys operated under these contracts for four or five years with no problems. These contracts said if we have a problem, it will be resolved in Virginia. That was key to the bargain that they struck. I get it. And how would they be deprived of that? The deprivation is that now this litigation is taking place outside of the forum that was selected by the parties, and that But if that's wrong, it will all be set aside, and they will get to go to Virginia after they finish proceedings here. They won't be deprived of it. It will be delayed. That is true that if the proceedings go forward here and a decision is made ultimately that there was an error, the decisions could go the proceedings could go forward in Virginia. That seems like an awful waste of time, and it does deprive them of the benefit of their bargain because they would have had to invest the resources, the time, the delay, the money, the hassle of litigating a whole case in a venue that is clearly not the proper venue. That does deprive them of the benefit of agreeing to that in the first place, the reason that you agree in the first place. We have those issues that arise in the district court almost every week. This is a mandatory arbitration case. And the district court judge says, no, it's not an arbitration case. And the district court judge makes a mistake. This is a case where there's no personal jurisdiction. The district court says, no, there is personal jurisdiction. The district court judge makes a mistake. And God knows the litigants go through incredible expense to try a case, and then the court of appeals says, no, judge, you got that wrong. Aren't you really just trying to turn a petition for mandamus into a kind of interlocutory appeal? And you don't get to do that. Your Honor, what makes this situation distinct is the Supreme Court's decision in Atlantic Marine. That decision changed the entire landscape of how these issues are decided. It moved from the 12B3 analysis into the 1404A analysis. There are many courts that are unclear, including, we cited Labar, as to how the change from 12B3 to 1404A post-Atlantic Marine is to be proper, is how it, what that change is, and how the analysis is to be applied. For example. But Judge Breyer considered all that, and he just made a different call from what you think he should have made. I mean, he looked at Atlantic Marine, didn't he, and he applied Ninth Circuit law, and he just decided, well, I'm not persuaded by you. Well, we disagree that Judge Breyer properly applied Atlantic Marine. Oh, I know that. Okay. You've heard that before. And we think, crucially, and this is something raised not in great detail in our brief, that if he had decided that the clause was permissive, under, after Atlantic Marine, it should have still been considered one of the private factors included in the 1404A analysis. There is some confusion here or disagreement between the circuits as to what exactly the role is of a forum selection clause that's deemed to be permissive post-Atlantic Marine in the 1404A analysis. For example, in the 1404A analysis, you're looking at what the parties' preferences were. Why would you throw out the forum selection clause that the parties agreed to, even if it's permissive, it's valid, it's permissive, and say, oh, we're not going to consider this when we look at what the parties' preferences were on the issue of venue? That doesn't make any sense, and the courts still have a lot of confusion over exactly how to address that analysis. When we talk a little bit about the forum selection clause, I didn't think it was very clear at all. It said Lexington County, Virginia, right? Fairfax County. I'm sorry, Fairfax County, Virginia, right? There's no federal court. The case can't really be litigated in federal court in Fairfax County, right? It's true that there is no... The courthouse is in... Alexandria. Alexandria, right? Which doesn't have a county. It's just a city. There is no county associated with Alexandria. So the clause doesn't say in a federal court having jurisdiction over Fairfax County, right? And it doesn't need to say that under this... I'm sorry? I'm sorry for interrupting. Your Honor, it does not need to say that under the authorities in this circuit. I'm sorry. I asked you a question. I asked you a question. I missed the question. I apologize. I know. Lawyers never listen to questions. The clause does not say in a district court having jurisdiction over Fairfax County. No, the clause does not say that. Okay. And it does not say a district court near Fairfax County. No, it doesn't say that either. It says the case shall be litigated in Fairfax County, right? It doesn't precisely say that. What does it say? It says the location of any legal proceeding or dispute, there are two separate clauses here, shall be Fairfax County. And... Okay. So why isn't one permissible construction of that that it is in a state court in Fairfax County, generally, that what really this clause says, this shall be litigated in state court in Fairfax County. I don't remember where Fairfax County Superior Court or... Judicial districts are designated... What they're called in Fairfax... Judicial districts are designated by counties as well. But more importantly, in Simonoff, this Court's decision in Simonoff, this Court made crystal clear that language of geography includes the state and federal courts of that geography. Simonoff made a distinction between courts in a particular geography and courts of a particular geography. This language does not say shall be litigated in the courts of the particular geography. Well, Simonoff talked about, it said the courts of Virginia, and it said any court within the physical boundaries of the State, the Eastern District of Virginia is within Virginia. Well... But Alexandria is not within Fairfax County, right? Well, Simonoff, the language you refer to there is in Simonoff, but that was not the issue that Simonoff was deciding. Simonoff did not decide, it did not address the issue of whether or not courts, federal courts that cover or encompass a county, but that are physically located outside of the county, would still be included. That particular... Let me hear. What is your view? What is the correct construction of this clause? The correct view is that venue for the proceedings in this case shall be Fairfax County, Virginia, which does not exclude the State or federal courts that cover that geographic region. The State... You think it is irrational to say it means only courts actually located in Fairfax County? That's not a permissible construction. It's rational to say it means only courts that cover Fairfax County. It is rational to say that. But you think it's not rational to say it covers only courts that are actually located in Fairfax County? If we look at the authority that interprets... I'm asking you a question. You think it's irrational, it's not a permissible construction to say this clause only applies to courts actually physically located in Fairfax County. You think that's just not a permissible construction? I don't think that's a permissible construction, and that's not consistent with Nahegian, which is the East Nahegian versus Loudoun County, which is an Eastern District of Virginia decision, the only Eastern District of Virginia decision deciding this particular issue, which has... Maybe so, but, you know, the district judge here is also equal dignity in terms of and he looks at it, and the fact that the Eastern District had ruled that way, does that make it irrational for him to disagree with that? Is that a complete, you know, is this a clear error of law? There's no way in which this clause can be reasonably construed this way? Your Honor, in the app... Which is the first step towards getting mandamus. It's the first step in showing clear error. Your Honor, it wasn't rational in light of the other authority available to the Court, including Merrill, which is a district court case within this jurisdiction, within this circuit, which also held that a clause that had mandatory language applied to... I'm sorry, is Merrill in your brief? Yes, it is, Your Honor. It's Merrill versus Reiner. What is the... Okay, Merrill versus Reiner. And the clause said, there the forum selection clause said, venue will reside, quote, in the county of residence in the non-breaching party, which was determined to be Snohomish County, Washington. The Court held that the language was indisputably mandatory. That's the Court's language. And it held that the language did not preclude removal to the Federal court covering that county, even though the Federal court covering that county was not physically in that county. Now, the district court cites parts of Merrill, but ignores this part of the holding in Merrill. It cites the part that says it's ambiguous. It does cite that part of the decision, but it ignores the rest of the decision, which says that the key language is mandatory and not ambiguous. It says, quote, it's indisputably mandatory. And the key language is the geographic location venue language. What the Court said, and admittedly the Court said there was something that was ambiguous to it, but the context, the procedural context makes a difference. What the Court said is, I don't see anything precluding Federal jurisdiction here, so Federal jurisdiction is allowed. Our clause is similar in that there's nothing in it. So where the district judge says at best the forum selection clause at issue is ambiguous regarding whether this Court provides a proper venue, and the standard applicable to the circuit, therefore, fails as a matter of law to prevent this Court from hearing this action, you think that that language is irrelevant? I don't think that that language is irrelevant, but I think that language has to be looked at in the context of what was happening in that case and what the Court's objectives were in that case. What the Court was saying is here there is no preclusion to Federal jurisdiction even though this Court is not physically located in the county mandated by this forum selection clause. It's the outcome that's important there. And that same outcome applies here. There are other cases that have similar outcomes that are equally persuasive, that are cited in Merrill, that the district court also did not address. Those courts include the cases in Epps, Old Long, Exgel, Priority Health Care. They all have similar outcomes. And the Court did not address, ignored all of those decisions which are cited in Merrill. There's also the project of the other. I'm looking at Merrill, and it seems to completely undermine your case, but maybe you can talk about it on rebuttal. You're way over your time. We'll hear from the other side now. Thank you, Your Honor. Take a look at Merrill. To me it looks like it supports Judge Breyer. Thank you, Your Honor. May it please the Court, my name is Roland Juarez. I'm a partner at the law firm of Hunton & Williams. I have my colleague here with me, Richard Cortez, who's also with Hunton & Williams. Hunton & Williams. Yes, sir. They're headquartered in Richmond. Yes, sir. I would think you guys would want to go back to Virginia. This is why we knew about the Alexandria issue, Your Honor. But at any rate, we're pleased to be here with the Court today. What I'd like to do is, just to let the Court know, Mr. Cortez does not plan to speak. I'll plan to take all the time. What I'd like to do is start with really the beginning and what we're dealing with here, because we are dealing with a mandamus standard. The mandamus standard is a drastic and extraordinary remedy reserved for really extraordinary cases. Only exceptional circumstances amounting to judicial usurpation of power or a clear abuse of discretion will justify the invocation of this extraordinary remedy. Well, why isn't it a usurpation to take an agreement where parties agree to litigate in Virginia and allow that to go forward in California? I mean, we know what the case is, but it's, again, speaking only for myself, it seems quite plain to me that the parties unequivocally intended that litigation take place in Virginia if a dispute arose. Now, there's another provision if the employee breaches where Octagon can go follow the employee. But that's not this case. Octagon has no claim against the employees in this case. It's the other way around. So I want you to assume the same thing I asked opposing counsel to assume, which is clear error. Why isn't there mandamus available in this situation if there is clear error in the analysis of the clause? Your Honor, first of all, just going toward the record, there actually are claims that Octagon has brought against the individuals. Just to be clear, we represent the real parties of interest. Those are Cliff Laboy and Doug Hendrickson. In the supplemental record, you'll see that we did cite to you their counterclaims. So just to be clear, there is that issue. But I think going to the direct issue of why isn't that enough, the reality is, and this is totally ignored in the petition, but in Washington Public Utilities case, it's very clear that there is no prejudice under Baumann because the petitioners in this matter can seek review of an order challenging venue following final judgment. The Gulf Research and Development Company v. Harrison case also, Your Honor, is crystal clear on this in the Ninth Circuit. It says where we're just talking about erroneous application of the law, this is not a place for mandamus. Now, going to your question about it being crystal clear that it has to be in Virginia, absolutely we disagree with that, Your Honor. No, I know you do. The ambiguities in this clause, we spent a full oral argument, over 300 pages of briefing. It's been we filed this case in February 2014, Your Honor. Lawyers can write 300 pages. This is all we've been arguing about for a year. Lawyers can write 300 pages about anything, even things that are clear to others. But anyway, I understand that. But going to your point about clear error of law, there's no way, if you look at Judge Breyer's opinion and you look at the clause, he finds all kinds of ambiguities in the clause, one being that the clause does not specify whether it's State or Federal court. She cited you, Simonoff, but Simonoff says the court's of and the court's in. This clause doesn't say that. No, but it says the location shall be. Yes, and then they're trying to send it to a court that doesn't exist there. Well, it covers, if a dispute arises in Fairfax County that belongs in Federal court, there's a place for that dispute to go, because there is a Federal court that covers Fairfax County but other places. It does cover it. We do cite in our briefs, Your Honor, two circuit court cases, the Second Circuit and the Fifth Circuit, that have both looked at this issue and have said, similar to what Judge Kaczynski's talking about, you look to the plain language of the provision. Some provisions that are in these papers do say the Federal or State courts. Some do make that distinction. Well, the fact that something could be said differently or better doesn't make this locution unclear. But what effect does it have or should it have on our analysis that the district court didn't cite or analyze Atlantic Marine? I don't think that it should have any impact on your analysis, Your Honor, because our papers were clear and oral argument was clear that Atlantic Marine is not on all floors with this case. The reality is in Atlantic Marine, there was no challenge to mandatory and permissive. There was no challenge to the ambiguity of the clause. The court in footnote 5 of that decision makes it clear that they are looking at an enforceable valid form selection clause. So Atlantic Marine is not on all floors. Well, this one is enforceable. You're not suggesting that it's not valid or enforceable, are you? No. Well, there was an argument about, there was some argument about valid and enforceable. In this court, you have not argued that the clause is invalid or unenforceable. You have argued that it is ambiguous. Am I missing something? No. You're correct, Your Honor. My point just being that there was not an argument in Atlantic Marine about mandatory and permissive, about ambiguities. And we've cited you some cases in our briefing that courts following Atlantic Marine first look to the language because that's what the Ninth Circuit directs. The Ninth Circuit directs that when you're considering a form selection clause, you look first to the language and you interpret the language. Let's look at the language, then. Yes, Your Honor. If you read the language the way I think you are reading it, this would preclude Federal Court jurisdiction altogether. Is that right? That was an argument that we made to the, in our papers at the lower court. What is it about lawyers not answering questions? Your Honor, you are correct. Is there a problem answering my question? No, Your Honor. I'm sorry. That is correct. We did make that argument. I didn't ask for you to make the argument. Okay. So the argument is if I read the clause literally as you would read it, there is no Federal Court jurisdiction at all. Correct. That's right. And so can parties by contract divest the Federal Courts of cases over which they have subject matter jurisdiction? I'm sorry, Your Honor. I didn't understand the question. Can parties by contract divest the Federal Courts over cases over which they have subject matter jurisdiction? Can the parties enter into a contract that says if there is a dispute in this contract, it shall not be litigated in Federal Court? I don't think I've ever seen law or a contract that says that. The answer is yes. Okay. No, I don't know. I don't really want your life history or, you know, a rundown of your resume. I don't know, Your Honor. You don't know the answer to that? I do not, Your Honor. But if that is the interpretation, if Judge Kaczynski's question leads you to say this clause means that no proceeding will occur in Federal Court, then why isn't that a separate basis for the district court to have erred? Because it's a Federal Court. Your Honor, that wasn't the district court's finding. The district court's finding was that this created an ambiguity among a lot of other. Well, that's not a finding. That's a legal analysis. That was a holding is what I mean. Right. And that's what we're looking at now as to whether it's clearly erroneous. So if your interpretation is this means that no proceeding may occur in Federal Court, then you're saying that the district court was wrong, but just for a different reason. I don't believe I'm saying that no proceeding can happen in Federal District Court. We are in Federal District Court. I believe we're properly there. Well, that's a clear implication of your reading. Show me how your reading of the clause would allow a lawsuit in Federal Court. My reading? And tell me where. Where would you go if you said, where are the plaintiffs? We want to comply with this clause, but we want to file in Federal Court. Where would you go? Where would you then tell the plaintiffs that they must file? In which courthouse? Under our interpretation. I won't hold you to the address. You can just give me a city. No GPS coordinates are required. Thank you, Judge Graber. So where would you say, where do you go file this complaint? Where would the plaintiff file the complaint? Yeah. I think the plaintiff would have to file the complaint in State Court in Fairfax County. Right. But I'm saying let's say that they wanted to file in Federal Court because they say, look, we're diverse, Congress has given the Federal Court's jurisdiction, subject matter jurisdiction over this case, it meets the amount of controversy and so on, and we want to file in Federal Court, but we want to be very careful to comply with the contract. Where would they go file so that your side would say, okay, they got us, we are in the right court? I don't think that that's possible under the reading of this clause because they, the clause is too vague. If it's not possible, then this is a clause that divests the Federal Court's jurisdiction over here in this case at all. No, we have the, I think venue and jurisdiction are totally different issues, Your Honor, because the court has jurisdiction over this case and venue is proper. I don't need a tutorial on civil procedure one. I think I know it probably as well as you do. Thank you, Your Honor. I may have taken it a few years before you do, but I've kept up. Under your reading of the contract, under your reading of the contract, there is no Federal Court where this case can be filed. There is no Federal Court where this case can be transferred under my reading of this contract? No, no, filed. Let's say they are not filed. They have not transferred here. They are just going to file, and they want to comply with the contract. They want to be absolutely compliant with the contract, but they want to go to Federal Court. There is no Federal Court where they can file this case under your reading of the contract. I agree, Your Honor. Okay. So it is only a small leap of language to say that this contract purports to divest the Federal Court's jurisdiction over this controversy. Okay. This is an issue that — This is what it does, right, under your reading of the contract? I think under the reading of the contract it says if you're going to apply this provision and you're going to exercise your rights under this provision, it's Fairfax County, and there is no Federal Courthouse in Fairfax County. You can't file in Federal Court. If you're going to exercise your rights under this provision. Right. You can't file in Federal Court, even though the Federal Courts have jurisdiction under the Act of Congress, right? I mean — And you make this argument, but you don't know the answer to the question, can parties by contract divest the Federal Courts of jurisdiction over cases over which they otherwise have authority to hear under the Act of Congress? You don't know the answer to that question. Well, Your Honor, I'm — She's a little strange. I'm thinking about this a little more, Your Honor, based on — It's a bad time to be thinking about it. Well, this wasn't something that was argued in any of the briefing or below, but one thing I do know is that several of the cases were filed in Federal Court that are in our briefing, and they were remanded to State Court. And they were remanded to State Court because of the language that you're talking about. So basically what the Federal Courts decided in those circumstances — Well, I'm sorry. You can't remand something to State Court unless they start out in State Court. I've never heard of a case being transferred from Federal Court to State Court. They have to start out in State Court. Yes, Your Honor. They then go to Federal Court, and then they get remanded. This is what the re is about. Correct, Your Honor. Correct. Right? So you must be talking about cases that started out in State Court. Yes, Your Honor, and were removed. And then the Federal Court analyzed the provision and said — And then you can remand it. You can send it back. Okay. So that's fine. But do you have any cases where courts have held that you can divest the court of jurisdiction altogether? I guess in that way, I don't know that they analyzed it from a divestiture of jurisdiction, but they did send the case back. But that's the effect. I mean, the effect would be that this case can't — you know, what you want is a dismissal, not to send it to another court. I mean, what are you — what do you think is the right result in this case? The right result in this case is that the clause was ambiguous, it should be construed against the drafter, and therefore it should be considered permissive, not mandatory. And that's what Judge Breyer found. He was very specific that the — Well, there are some things that are ambiguous about this sentence, but permissiveness isn't one of them. It's a very simple English sentence. The location for any legal proceedings shall be — there's nothing permissive about it. But there's plenty of ambiguity about Fairfax County, which is what we've been talking about. But where's the ambiguity about permissive? Well, the ambiguities arise around the language of the contract. And that's what Judge Breyer was talking about. Well, that is — I just read you the language of the contract. What's ambiguous about shall be? Well, the word shall is not ambiguous, Your Honor. But when you compare it to the other cases that the Ninth Circuit considers, the type of mandatory language that the Ninth Circuit requires as a general rule is not here. So it doesn't say exclusively. It doesn't say only. Where does it say that we require something? I mean, to say that there's a different provision that gets a certain result isn't a requirement. It's an outcome. But I guess I have difficulty seeing that even if Fairfax County is ambiguous, how this could be considered permissive. Because the language itself is construed against the drafter because it's ambiguous. So the Fairfax County — It has to be ambiguous first, right? Yeah. So if Fairfax County is ambiguous, does that make the word location ambiguous or Virginia ambiguous? I mean — Well, yeah, no, the word Virginia and the word location are not ambiguous, but — And so why is shall ambiguous? It's not, Your Honor. But here are some ambiguities. Some ambiguities are what proceedings are supposed to happen there. Are they supposed to be between the parties? Are they proceedings that are supposed to be in regard to particular provisions of the contract? Are they even supposed to be legal proceedings under the contract? Like, there's a lot in this clause that is completely ambiguous. And Judge Breyer looked at it and construed it against the drafter. Maybe it just means that if you take any depositions, you've got to hold them in Fairfax County. Any discovery has to happen in Fairfax County. Anyway, are there any further questions? Thank you, Your Honor. Your Honor, I just wanted to briefly return to the initial question that you asked, which was why you should grant review in this case. And I did cite to in-ray cement, and it's true that in-ray cement, at the end of the day — In-ray what? In-ray cement. Oh, in-ray cement. Right. And you had a comment about the outcome of in-ray cement. But the import of in-ray cement from our perspective is that its decision ultimately was based on the merits of the dispute. But in reaching its decision, it made a number of observations about when review is appropriate. And one of the things that it said is that when the issues are extremely important and pertain to matters of court administration, not only will it take a look at those issues, it doesn't even need to find clear error that — Let me see. Did you seek to get a dismissal of this case based on lack of subject matter jurisdiction? Your Honor, honestly, initially, we had a different motion. It was a 12b-3. Then Atlantic Marine came out. We became aware of it and realized that a 1404a transfer motion would be more appropriate. You have to have a court to which you can properly transfer it. 1404 only becomes applicable if you have a court to which you can properly transfer it. Right. And it is because we — But there is no such court. But why doesn't this just become a plain question of whether or not the parties have agreed to divest the District Court of Jurisdiction? In this case, there is a proper court. There is absolutely nothing in the agreement that says that the Eastern District of Virginia is not a proper court. If you want to divest the Federal Court of Jurisdiction, you need to say so in some words that are very clear. There is nothing in this agreement that says Federal Court is divested of jurisdiction or this shall go only in the courts of this county. This shall proceed only in the courts of the State. Well, what if — I'm sorry. What if opposing counsel is right and the only place this can be tried is in State court in Virginia? What happens then? The District Court clearly erred anyway, but in a different way. It would be appropriate to dismiss the case if that were the only solution. In this case, we did not seek to dismiss the case because there was a proper venue. Subject matter jurisdiction is always up for grabs, is it not, even if not raised by the parties? That's true, but there is subject matter jurisdiction in this instance. And the only issue would be whether or not there was something in the agreement that precluded Federal Court jurisdiction. And there is nothing in the agreement that precludes Federal Court jurisdiction either in the plain language of the agreement or pursuant to the cases that have evaluated this issue, including this Court's decision in Simonoff. Right. Let me just get back to the question that Judge Kaczynski put so well some minutes back, which is basically what is special about this case. Every — I'm a District Court judge. Every single week, I hear preliminary issues about which the parties feel very strongly where there's controlling Supreme Court law. Every single week, I make decisions that make somebody very unhappy and thinks that I violated Supreme Court law. Do the parties have the right to take mandamus every time a District Court judge makes an error like that? The Atlantic Marine is just one of dozens of Supreme Court cases. We have a whole list of Supreme Court cases dealing with arbitration, dealing with personal jurisdiction, dealing with venue. And District Court judges occasionally get it wrong. Why is it so important for you to come up and mandamus in this type of situation? What makes this case that special? What makes this case that special, in our view, is the nature of the error. And under in race — This is — what you're saying is this is a really bad error and this is a really recent Supreme Court case. And that's what sets this apart. It's the combination of the significance of the error. And in race cement, the Court says there are limits to the hardships which litigants will be forced to bear as a result of erroneous interlocutory orders, even in traditional mandamus cases. I guess as a District Court judge and probably as an appeals court judge, we're weighed down by the fact that there are almost no limits to the difficulties people bear when we make mistakes, which we inevitably do. But I don't understand how you can open up an entirely new appellate route when you have a situation that you just happen to disagree with the District Court judge's preliminary ruling on a matter that's very, very important to you. Your Honor, by ruling on this case, you will save thousands of dollars of litigation costs because you will provide guidance to litigants and to the courts on what they should do post-Atlantic Marine.  I think the important lesson you should have learned already is go back and revise your contract. If you want jurisdiction in Virginia, you should say state or federal courts that have jurisdiction in Virginia, or the east and west of Virginia, or the federal courts that encompasses Fairfax County. We agree. So for the future, you will have learned a valuable lesson. Absolutely. We agree completely. But there are thousands of people out there with existing contracts that haven't yet been revised or can't be. And the contracts all read differently. You know, not everybody makes the same mistakes as your clients. And your clients should be grateful. You've learned an important lesson for the future. And I guess the other thing is this is a very important issue, and the question is, should this very important issue be resolved in the context of a mandamus proceeding, which has its own overlay of procedural hurdles, or whether you should just try your case, develop a full record, and if there's been a mistake, the court of appeals can look at that at that time and give you a full decision and an exploration of the issue in the context of a full record, not in the mandamus context. What's important here is there are no additional facts that are needed to decide this issue. We don't need a trial to decide this issue. We don't need further declarations or any testimony. All of the facts needed to decide this issue have been developed and are in the record before you. And by making a decision in this case, you will give the direction, much-needed direction. I have a better solution. Why don't you guys, after we're done, go settle the case? You know what we have outside the courthouse?  And those are always great places to reach a settlement. If we did that, we'd be depriving litigants of your precious guidance, and we really hope that you decide to give it. Thank you.  Case resolved. You will stand submitted. We are adjourned. All rise. The court for this session stands adjourned. Thank you.
judges: Ponsor, Kozinski, Graber